UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY E. F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:19-CV-0857-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly discounted Dr. Kathleen Anderson's opinion and the portion of Dr. Diane Fligstein's opinion regarding Plaintiff's ability to respond to usual stressors encountered in a competitive work environment. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of

the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 21, 2015, Plaintiff filed an application for SSI, alleging disability as of February 1, 2013. *See* Dkt. 10, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Mary Gallagher Dilley on December 13, 2017. *See* AR 15. In a decision dated July 3, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 13; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly discounting the opinions of Drs. Fligstein and Anderson. Dkt. 14.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.    Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ improperly discounted the opinions of Drs. Fligstein and Anderson.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>Dr. Fligstein</u>

Dr. Fligstein, a Washington State Department of Social and Health Services ("DSHS") psychological consultant, opined Plaintiff could carry out complex tasks but his concentration, persistence, or pace would wax/wane based on his interests in the tasks and the severity of his psychiatric symptoms. AR 96. She opined Plaintiff should work with minimal to no public contact. AR 96. Dr. Fligstein opined that because Plaintiff has a long history of homelessness and lack of sustained work, Plaintiff "would have moderate difficulty responding to the usual stressor [sic] encountered in a competitive work environment." AR 97.

The ALJ analyzed Dr. Fligstein's opinion in two segments. First, she addressed Dr. Fligstein's opinion regarding Plaintiff's concentration. Next, she discussed Dr. Fligstein's opinion regarding Plaintiff's ability to respond to the usual stressors encountered in a competitive work environment.

*1. Plaintiff's concentration*

Regarding Dr. Fligstein's opinion on Plaintiff's concentration, the ALJ gave it partial weight, saying:

> The undersigned gives partial weight to the opinion of Dr. Fligstein because it is somewhat consistent with the longitudinal evidence. However, the undersigned does not agree that the claimant's concentration would wax and wane based on the claimant's interests. (1) This part of Dr. Fligstein's opinion is inconsistent with the fact that providers have typically observed the claimant as alert/oriented at medical appointments. Apart from some problems with Serial 7's and recalling items after delay, the claimant has typically demonstrated no cognitive deficits on testing. These benign findings do not corroborate Dr. Fligstein's opinion of waxing and waning concentration. (2) Dr. Fligstein's opinion is also inconsistent with the claimant's own report that he has no issues with paying attention and (3) that the claimant is not taking any psychotropic medication.

AR 25 (citations omitted) (numbering added).

First, the ALJ discounted the portion of Dr. Fligstein's opinion regarding Plaintiff's concentration because it is inconsistent with Plaintiff's mostly normal testing and with how Plaintiff's providers typically observed him as alert and oriented. AR 25. An inconsistency with the medical evidence may serve as a specific, legitimate reason for discounting limitations assessed by a physician. *See* 20 C.F.R. § 404.1527(c)(4). However, "where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusion." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999)).

The record reveals the evidence was susceptible to more than one rational interpretation by acceptable medical sources. The ALJ cites a treatment note from October 20, 2014, where Dr.

Paul Freeman found Plaintiff alert, cooperative, and with an appropriate affect. AR 361. The ALJ cites two other treatment notes, where Dr. Roger Bush and PA-C Mark Aytch found Plaintiff was oriented to time, place, person, and situation, and had an appropriate mood and affect with normal insight and judgment. AR 417, 419. The ALJ also cites several treatment notes indicating Plaintiff had no cognitive deficits on testing, other than some problems with Serial 7's and recalling items after delay. *See* AR 412, 417, 421. For example, Dr. Geordie Knapp conducted a mental status exam ("MSE") of Plaintiff and opined Plaintiff's thought process and content, orientation, perception, memory, fund of knowledge, and abstract thought were all within normal limits. AR 412. Further, after conducting a psychological evaluation of Plaintiff for DSHS, Dr. Curtis Greenfield opined Plaintiff's concentration was within normal limits. AR 349.

By contrast, Plaintiff was diagnosed with ADHD several times throughout the record. *See*, *e.g.* AR 388, 346, 410. Dr. Knapp conducted an MSE of Plaintiff and opined his concentration was not within normal limits, citing Plaintiff's inability to complete Serial 7's. AR 412. Dr. Knapp also listed "inattention" as a mental health symptom that affects Plaintiff's ability to work, saying Plaintiff appeared at times "to not be paying attention" and had "difficulty not jumping [sic] from topic to topic." AR 410. Dr. Anderson observed Plaintiff often lost sight of questions she asked him during an interview. AR 388.

Hence, the medical evidence is susceptible to more than one rational interpretation, as multiple acceptable medical sources have reached different conclusions about its significance. As the medical evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the Court upholds the ALJ's conclusion and finds the ALJ's first reason for discounting the portion of Dr. Fligstein's opinion regarding Plaintiff's concentration is specific and legitimate and supported by the record.

Next, the ALJ discounted the portion of Dr. Fligstein's opinion regarding Plaintiff's concentration because it is inconsistent with Plaintiff's own report that he has no issues with paying attention. AR 25. A conflict between a physician's opinion and a claimant's own reports may be a legitimate reason to reject the physician's opinion, especially when the decision to do so is supported by substantial evidence in the record. *Lester*, 81 F.3d at 831. Here, Dr. Fligstein opined Plaintiff's concentration, persistence, or pace would wax/wane based on his interests in the tasks and the severity of his psychiatric symptoms. AR 96. By contrast, when asked "[f]or how long can you pay attention?" on an SSA function report form, Plaintiff wrote, "not an issue." AR 246. When asked to check the boxes indicating areas that are affected by any illnesses, injuries, or conditions, Plaintiff did not check the boxes for memory, completing tasks, concentration, understanding, or following instructions. AR 246. At a psychological evaluation in September 2016, Plaintiff denied psychological symptoms interfered with his ability to work. AR 410. Further, the ALJ's decision to discount Dr. Fligstein's opinion is supported by substantial evidence in the record, as discussed above. *See* AR 349, 361, 412, 417, 419. As Dr. Fligstein's opinion that Plaintiff's concentration, persistence, or pace would wax/wane based on his interests in the tasks and the severity of his psychiatric symptoms is contradicted by Plaintiff's own reports, the ALJ's second reason for discounting the portion of Dr. Fligstein's opinion regarding Plaintiff's concentration is specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted the portion of Dr. Fligstein's opinion regarding Plaintiff's concentration because Plaintiff is not taking any psychotropic medication. AR 25. An ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations

that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7, 1996 SSR LEXIS 4, at *22; *see also Regennitter v. Comm'r SSA*, 166 F.3d 1294, 1296 (9th Cir. 1999).

Here, the ALJ failed to consider why Plaintiff may not be taking any psychotropic medication. Plaintiff has consistently expressed his opposition to taking medication, and "prefers natural therapies" instead. AR 421; *see also* AR 345, 371, 383, 391, 424. For example, Plaintiff was noted to be "adamantly opposed to pharmaceutical intervention" and has been treated by a naturopathic doctor. AR 424, 371. The ALJ failed to consider this evidence and Plaintiff's other reasons for not taking medication to address his mental issues. "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Nguyen*, 100 F.3d at 1465. Further, a person suffering from a mental illness may not realize that he needs medication, or he may not even realize that his "condition reflects a potentially serious mental illness." *Id.* (quoting with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). As the ALJ did not consider Plaintiff's opposition to taking medication, the ALJ's third reason for discounting the portion of Dr. Fligstein's opinion regarding Plaintiff's concentration is not specific and legitimate and supported by substantial evidence. However, because the ALJ's first two reasons were specific and legitimate and supported by the record, the ALJ's error here is harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed.Appx. 941, 944-45 (9th Cir. 2017) (citing *see Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 n.2 (9th Cir. 2007) (noting that although an ALJ erred with regard to one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

For the above stated reasons, the Court concludes the ALJ provided specific, legitimate reasons supported by substantial evidence for assigning partial weight to the portion of Dr. Fligstein's opinion regarding Plaintiff's concentration. Accordingly, the ALJ did not err.

2. *Plaintiff's ability to respond to usual stressors encountered in a competitive work environment*

The ALJ also discounted the portion of Dr. Fligstein's opinion that Plaintiff would have moderate difficulties responding to usual stressors encountered in a competitive work environment, saying:

> First, the claimant himself has reported that he does not think he has mental health problems. Second, providers have regularly observed the claimant as cooperative/pleasant at appointments with normal mood/affect. Lastly, the claimant's mental issues have been accommodated in the residual functional capacity with no public contact.

AR 25 (citations omitted).

The ALJ first discounted the portion of Dr. Fligstein's opinion that Plaintiff would have moderate difficulties responding to usual stressors encountered in a competitive work environment because it is inconsistent with Plaintiff's own reports that he does not think he has mental health problems. AR 25. A conflict between a physician's opinion and a claimant's own reports may be a legitimate reason to reject the physician's opinion, especially when the decision to do so is supported by substantial evidence in the record. *Lester*, 81 F.3d at 831. But the ALJ still must provide specific, legitimate reasons for rejecting an examining physician's opinion supported by substantial evidence in the record. *See Andrews*, 53 F.3d at 1042-1043. Additionally, an ALJ's conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-422.

Here, the ALJ did not explain how Plaintiff's report that he does not think he has mental health problems is inconsistent with Dr. Fligstein's opinion. When the Plaintiff reported no

issues with concentration, it directly conflicted with the portion of Dr. Fligstein's opinion that Plaintiff would have difficulty concentrating depending on his level of interest. But here, it is less clear how Plaintiff reporting he does not think he has mental health problems conflicts, if at all, with the portion of Dr. Fligstein's opinion regarding Plaintiff's ability to respond to usual stressors encountered in a competitive work environment. Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the inconsistency is a valid reason to discredit Dr. Fligstein's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Further, a person suffering from a mental illness may not realize that he needs medication, or he may not even realize that his "condition reflects a potentially serious mental illness." *Nguyen*, 100 F.3d at 1465. Thus, the ALJ has failed to show how Plaintiff reporting that he does not think he has any mental health issues shows Plaintiff would not have difficulty in responding to usual stressors encountered in a competitive work environment. Accordingly, the ALJ's first reason for discounting Dr. Fligstein's opinion that Plaintiff would have moderate difficulties responding to usual stressors encountered in a competitive work environment is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted the portion of Dr. Fligstein's opinion that Plaintiff would have moderate difficulties responding to usual stressors encountered in a competitive work environment because providers have regularly observed Plaintiff "as cooperative/pleasant at appointments." AR 25. The ALJ failed to explain how Plaintiff being cooperative/pleasant at appointments is inconsistent with Dr. Fligstein's opinion that Plaintiff would have moderate

1  difficulties responding to usual stressors encountered in a competitive work environment. The
2  ALJ again uses conclusory reasoning in this context. Without an adequate explanation to
3  support the alleged inconsistency, the Court cannot determine if the inconsistency is a valid
4  reason to discredit Dr. Fligstein's opinion. *See Blakes*, 331 F.3d at 569. Thus, the ALJ's second
5  reason for discounting the portion of Dr. Fligstein's opinion that Plaintiff would have moderate
6  difficulties responding to usual stressors encountered in a competitive work environment is not
7  specific and legitimate and supported by substantial evidence.

8       Lastly, the ALJ discounted the portion of Dr. Fligstein's opinion that Plaintiff would
9  have moderate difficulties responding to usual stressors encountered in a competitive work
10 environment, saying that Plaintiff's mental issues have been accommodated in the RFC by
11 limiting Plaintiff to no public contact. AR 25. But the ALJ did not explain how limiting
12 Plaintiff to no public contact accommodates for Plaintiff's difficulty in responding to usual
13 stressors encountered in a competitive work environment. While limiting Plaintiff to no public
14 contact accommodates for Dr. Fligstein's opinion that Plaintiff should have minimal to no
15 public contact, the ALJ has not adequately addressed Plaintiff's moderate limitation in
16 responding to usual stressors encountered in a competitive work environment. As it is unclear
17 how limiting Plaintiff to no public contact relates to Plaintiff's limitation in responding to
18 usual stressors encountered in a competitive work environment, the ALJ's third reason for
19 discounting this portion of Dr. Fligstein's opinion is not specific and legitimate and supported
20 by substantial evidence.

21      For the above stated reasons, the Court concludes the ALJ failed to provide specific,
22 legitimate reasons supported by substantial evidence for assigning little weight to the portion
23
24

of Dr. Fligstein's opinion that Plaintiff would have moderate difficulties responding to usual stressors encountered in a competitive work environment. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The ALJ's failure to properly treat the portion of Dr. Fligstein's opinion that Plaintiff would have moderate difficulties responding to usual stressors encountered in a competitive work environment resulted in an incomplete RFC. Dr. Fligstein opined Plaintiff would have moderate difficulties responding to usual stressors encountered in a competitive work environment. By contrast, the RFC does not include any limitations regarding relationships with co-workers and supervisors, productivity, or breaks from work. *See* AR 20. Had the ALJ properly considered this portion of Dr. Fligstein's opinion, the ALJ may have included additional limitations in the RFC. As the ultimate disability determination may change, the ALJ's failure to address Dr. Fligstein's opinion in its entirety is not harmless and requires reversal.

B. Dr. Anderson

Plaintiff contends the ALJ erred by providing little weight to Dr. Anderson's opinion. Dkt. 14, pp. 11-14.

Dr. Anderson compiled a psychiatric report of Plaintiff after interviewing him in July 2016. AR 383-390. Regarding Plaintiff's ability to work, Dr. Anderson opined: "[t]he chances of him attending a job on any sort of consistent basis would be minimal. While at a job, he would likely be able to focus on and retain information that was interesting to him. He would likely quickly lose attention and become impatient with tasks that were routine, less interesting to him." AR 390. Dr. Anderson opined she "cannot see a reasonable path to his finding and maintaining employment." AR 389. She diagnosed Plaintiff with attention-deficit/hyperactivity disorder ("ADHD"), marijuana abuse, history of alcohol abuse, and an unspecified personality disorder. AR 388. Dr. Anderson opined that "[i]n theory, [Plaintiff] could benefit from mental health treatment" but that "he does not express any interest or motivation to involve himself in treatment." AR 389.

The ALJ discussed Dr. Anderson's opinion and gave it little weight, saying:

> The undersigned gives little weight to the opinions of Dr. Greenfield, Dr. Anderson, and Dr. Knapp because they are (1) inconsistent with the longitudinal evidence. Apart from the claimant presenting with rapid speech and some grooming problems, his mental status findings have generally been benign. (2) Furthermore, as discussed above, the claimant himself does not believe he has any mental health problems and (3) he is not taking any psychotropic medication.

AR 25 (numbering added).

First, the ALJ discounted Dr. Anderson's opinion because it is inconsistent with the longitudinal evidence. AR 25. The ALJ notes that aside from presenting with rapid speech and some grooming problems, Plaintiff's mental status findings have mostly been benign. AR 25. An ALJ's conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-422. Here, the ALJ did not explain how Dr. Anderson's opinion is inconsistent with the medical record. The ALJ does not provide any further analysis and does not cite to the record. *See* AR 25. Without an adequate

explanation to support the alleged inconsistency, the Court cannot determine if the inconsistency is a valid reason to discredit Dr. Anderson's opinion. *See Blakes*, 331 F.3d at 569. Thus, the ALJ's first reason for discounting Dr. Anderson's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Anderson's opinion because Plaintiff states he does not believe he has any mental health problems. AR 25. A person suffering from a mental illness may not realize that his "condition reflects a potentially serious mental illness." *Nguyen*, 100 F.3d at 1465. Here, the ALJ erred in discounting Dr. Anderson's testimony because it is inconsistent with Plaintiff's belief that he does not have mental health issues, which is precisely the kind of finding the Ninth Circuit cautions against. *See Nguyen*, 100 F.3d at 1465. Further, as discussed above, it is unclear how Plaintiff reporting he does not think he has mental health problems conflicts, if at all, with Dr. Anderson's opinion. Therefore, the ALJ's second reason for discounting Dr. Anderson's opinion is not specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted Dr. Anderson's opinion because Plaintiff is not taking any psychotropic medication. AR 25. This reason is identical to the ALJ's third reason for discounting Dr. Fligstein's opinion regarding concentration and suffers similar flaws. *See* Section I.A.i., *supra*. The ALJ was required to consider why Plaintiff did not take any medication but failed to do so. *See* SSR 96-7, 1996 SSR LEXIS 4, at *22; *see also Regennitter*, 166 F.3d at 1296. Further, a person suffering from a mental illness may not realize that he needs medication, or he may not even realize that his "condition reflects a potentially serious mental illness." *Nguyen*, 100 F.3d at 1465. As the ALJ did not consider Plaintiff's opposition to taking medication, the ALJ's third reason for discounting Dr. Anderson's opinion is not specific and

legitimate and supported by substantial evidence. Accordingly, the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for discounting Dr. Anderson's opinion. Thus, the ALJ erred and is directed to reassess Dr. Anderson's opinion on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Because the ALJ will reconsider Dr. Anderson's opinion on remand, which includes opined limitations on Plaintiff's concentration, the ALJ is also directed to reassess Dr. Fligstein's opinion regarding concentration because her analysis of Dr. Anderson's opinion may affect her treatment of Dr. Fligstein's opinion regarding concentration. Thus, the ALJ is required to reconsider the opinions of both Drs. Fligstein and Anderson on remand.

Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 13th day of February, 2020.

*[signature]*

David W. Christel
United States Magistrate Judge